STATE of Wisconsin, Plaintiff-Respondent,

v.

George H. ROSSMANITH, Defendant-Appellant.

Supreme Court

*No. 87–0353–CR. Filed March 29, 1988.*

(Also reported in 430 N.W.2d 93.)

PER CURIAM ORDER.

A petition for review pursuant to sec. 808.10, Stats., having been filed on behalf of defendant-appellant-petitioner George H. Rossmanith, and having been considered by the court;

IT IS ORDERED, that the petition for review is denied.

Defense counsel, Charles B. Vetzner, apparently in the heat of losing an appeal, wrote the petition for review in the style of an "open letter" to the court of appeals, charging the court of appeals with avoiding the real issue in the case. These comments are not warranted.

At a minimum, defense counsel violated a cardinal rule of effective appellate legal writing. The rule is: "*Avoid disparaging lower courts or opposing parties.*"[1] At a maximum, some language in the petition may have moved beyond the realm of permissibly zealous advocacy.[2]

---

[1]Spears, *Presenting an Effective Appeal,* Trial (Nov. 1985), p. 101.

[2]Defense counsel wrote as follows:

Drawing the line between permissible and impermissible advocacy is not an easy task for counsel or the courts. One must consider the attorney's obligation to be a zealous advocate,[3] to assist in improving the legal system,[4] and to maintain the respect due to courts of justice and judicial officers,[5] as well as the attorney's and client's state and federal constitutional rights of free speech.[6]

Across the country there is concern about a decline in civility among lawyers. This issue of civility is one aspect of the broader issue of professionalism that the American Bar Association is presently addressing. This court and the State Bar of Wisconsin should join the ABA's effort to address the issue of civility and professionalism through educational programs and conferences.[7]

You are probably quite smug about your decision in this case. ... You *think* you managed to avoid deciding the case all together. Sorry I can't congratulate you on this clever evasion of a precedential statutory interpretation. This may come as something of a shock, but you *didn't* avoid an interpretation of the insanity law with a major impact in this state .... If all of this seems theoretical, think again .... I will, of course, ask the supreme court to grant review. But between you and me, that should not be necessary. You should withdraw your decision in this case .... You should do the job yourselves." (Emphasis in the original.)

[3]*See, e.g.,* Preamble SCR 20 (1988).

[4]Preamble SCR 20 (1988).

[5]SCR 40.13 (1988). *See also In re Cannon,* 20 Wis. 374, 240 N.W. 441 (1932).

[6]*See, e.g., Bates v. State Bar of Arizona,* 433 U.S. 350 (1977).

[7]The ABA newly proposed Lawyer's Code of Professionalism section C states: "I will be a vigorous and zealous advocate while paying heed to concepts of common courtesy and recognizing that excessive zeal can be detrimental to my client's interest and to the proper functioning of our system of justice."

This court may strike an impertinent brief pursuant to sec. 802.06(6) as applicable to proceedings before this court under sec. 809.84. In this case it is possible to separate any objectionable language from the substance of the petition and to reach a decision on the merits of the petition. Accordingly the court has considered the petition on its merits (and the state's response) and denies the petition for review.